CHAISSON, J.,
dissents with reasons.
ItnIn my opinion, the crux of this case is the trial court’s interpretation of the meaning of the stipulation entered into between the parties at the outset of the trial. Plaintiffs counsel offered the following stipulation to defense counsel: “We would stipulate to the policy of insurance underwritten by Liberty Mutual. Is that okay, John?” Clearly, plaintiffs counsel used extremely vague language in the wording of the stipulation; however, rather than declining the stipulation, or asking for clarification of the stipulation, counsel for Liberty Mutual simply responded “Yes”, thereby accepting the stipulation.[1]
At the conclusion of the plaintiffs case, defendant moved for a directed verdict (involuntary dismissal) on the basis that plaintiff had offered no evidence of “who the tortfeasor was in this case, who the driver was, who the owner of the vehicle was, only that Liberty Mutual Insurance Company insured the vehicle.” Later in his argument, counsel for Liberty Mutual further indicated that plaintiff “hasn’t offered a prima facie case of who was at fault in the accident” and “hasn’t even identified that vehicle as being involved in the accident.”
It appears therefore, that despite the parties’ stipulation, defendant contends that the plaintiff was still required to offer additional proof of the following matters:
1) Identification of the vehicle involved in the accident;
2) Identification of the owner of the vehicle involved in the accident;
8) Identification of the driver of the vehicle involved in the accident; and
4) “who was at fault in the accident.”
The parties stipulated to the Liberty Mutual policy of insurance on David A. Singletary’s 1990 Buick LeSabre. This stipulation, and Mr. Singletary’s policy of insurance, would be completely irrelevant to this case unless Mr. Singletary’s Buick LeSabre was the other vehicle involved in this accident. Therefore, the trial court, presumably not believing that the parties were offering an irrelevant stipulation and evidence into this trial, was not manifestly erroneous in determining that Mr. Singletary’s vehicle was the other vehicle involved in the Inaccident, and that no further proof of the identification of the vehicle or Mr. Singletary as the owner was necessary. The only remaining basis for defendant’s motion for directed verdict was plaintiffs failure to prove the identity of the driver of Mr. Singletary’s vehicle, and “who was at fault in the accident.”
Plaintiff testified that the driver of the other vehicle “swerved into [his] lane and caused [him] to lose control.” Therefore, plaintiff did establish that the driver of the other vehicle (established by stipulation to be Mr. Singletary’s Buick LeSabre), regardless of that driver’s actual identity, was the person “who was at fault in the accident.” The only remaining question is whether plaintiff was required to offer proof of the actual identity of the driver of Mr. Singletary’s vehicle, which goes to the question of whether the stipulated Liberty Mutual policy on Mr. Singletary’s Buick *732 LeSabre provided coverage for the negligent acts of the driver of the LeSabre in this accident. The trial court obviously believed that the stipulation was sufficient to encompass a stipulation as to insurance coverage for this particular accident, while defendant denies that there was a stipulation as to coverage.
The record in this matter is devoid of any indication that Liberty Mutual at any point prior to its motion for directed verdict had raised any issue of denial of coverage under its policy issued to Mr. Sin-gletary. Additionally, counsel for Liberty Mutual did not decline the stipulation regarding insurance, nor did he request clarification of the stipulation. Although the stipulation (and thus its wording) was offered by plaintiffs counsel, a stipulation is entered on the record by agreement of the parties. Once it became clear that there was a dispute as to the meaning of the stipulation, the trial court was called upon to interpret the stipulation. Accepting Liberty Mutual’s position (that the stipulation was not intended to encompass coverage for this accident under Mr. Single-tary’s policy), would render the entire stipulation, and Mr. Singletary’s policy, irrelevant to this case. Therefore, on this point, I am of the opinion that the trial court was not manifestly erroneous in finding that the stipulation between the parties encompassed a stipulation as to coverage for this accident under Mr. Sin-gletary’s policy and that no further proof was required of plaintiff as to the actual identity of the driver of Mr. Singletary’s vehicle.
Lastly, once the trial court denied defendant’s motion for directed verdict, defendant failed to put forth any evidence to show that the person who was driving Mr. Singletary’s vehicle at the time of the accident, whoever it may have been, was not covered under Mr. Singletary’s policy. The trial court, having before it only the stipulation of the parties regarding Mr. Singletary’s policy, which the trial court interpreted as encompassing coverage, and no countervailing evidence from defendant to show that there was no coverage, was not manifestly erroneous in finding that Mr. Singletary’s insurance policy provided coverage for this accident.
For the above reasons, I would affirm the decision of the trial court, and therefore respectfully dissent from the majority opinion.

. Although the transcript does not reflect at what point in the proceedings the policy of insurance was introduced, the record contains Exhibit "Def. A”, which is a copy of the policy of insurance issued by Liberty Mutual to defendant David A. Singletary on his 1990 Buick LeSabre. This exhibit is marked by the Clerk of Court as filed on June 19, 2012, the date of trial.